UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DAVID J. GODT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:06-CV-171-TS |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| PAM LAAKER, and TRACY J. SPEAR, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Defendants' Motion to Dismiss [DE 12], filed on May 10, 2007.

### BACKGROUND

On April 25, 2006, the Plaintiff, David J. Godt, filed a civil rights complaint against the Internal Revenue Service (IRS). He challenged the actions of the IRS and two of its agents, Pam Laaker and Tracy J. Spear. The Plaintiff sent summons and a copy of the Complaint to these Defendants, but did not serve process to either the United States Attorney General or the United States Attorney's Office.

On June 16, 2006, the Plaintiff moved for entry of default which the clerk of courts entered. On July 20, 2006, the United States moved to vacate the entry of default on grounds that the Plaintiff did not serve the summons and complaint on the United States as required by Federal Rule of Civil Procedure 4(i). On August 1, 2006, the Court granted the United States' motion and vacated the Clerk's Entry of Default.

There was no activity on the docket for more than eight months. Then, on April 26, 2007,

the Magistrate Judge ordered the Defendants to plead, answer, or otherwise respond to the Plaintiff's Complaint by May 16, 2007. On May 10, the United States moved to dismiss the Complaint, arguing that the Plaintiff failed to effectuate service of process within 120 days of filing the Complaint and failed to state a claim upon which relief could be granted. The United States contends that the Court should not give the Plaintiff additional time to make service and should dismiss the Complaint because 26 U.S.C. § 7421(a) precludes the Plaintiff's suit. *See* 26 U.S.C. § 7421(a) ( "[N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.").

On May 21, the Plaintiff responded, arguing that he served the United States Attorney on November 16, 2006, 118 days after being notified that the entry of default was vacated. He additionally maintains that his suit is not in conflict with § 7421(a). On this same date, the Plaintiff filed a document titled Memorandum of Notice to Lawsuit and Request for Waive of Service of Summons. The attached Notice and Request for Waiver was addressed to Douglas W. Snoeyenbos as the attorney for the United States and the named Defendants, and the attached copy of a certified mail return receipt indicated that delivery of the Notice was completed on November 16, 2006.

## DISCUSSION

Because the Plaintiff sued a federal agency, the IRS, and two of its agents for injunctive relief, his suit it actually against the United States. Federal Rule of Civil Procedure 4(i) governs service upon the United States and its agencies or employees sued in their official capacities. The

rule requires service of the summons and complaint to the United States attorney for the district in which the action is brought and the Attorney General of the United States within 120 days after filing the complaint. Fed. R. Civ. P. 4(i)(1).[1]

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

> When considering a process defect like the one involved in this case, a district court must first inquire whether a plaintiff has established good cause for failing to effect timely service. If good cause is shown, the court shall extend the time for service for an appropriate period. Rule 4(m), Fed. R. Civ. P.; *Espinoza [v. United States]*, 52 F.3d [838,] 841 [(10th Cir. 1995)]. In other words, where good cause is shown, the court has no choice but to extend the time for service, and the inquiry is ended. *Petrucelli [v. Bohringer and Ratzinger]*, 46 F.3d [1298] 1305 [(3d Cir. 1995)]. If, however, good cause does not exist, the court may, in its discretion, either dismiss the action without prejudice or direct that service be effected within a specified time. Rule 4(m); *see Henderson v. United States*, 517 U.S. 654 (1996) (the Court recognized that in the 1993 amendments to the rules, courts have been accorded discretion to enlarge the 120-day period "even if there is no good cause shown" (citing Advisory Committee Note to Rule 4)). Thus, absent a showing of good cause, a district court must still consider whether a permissive extension of time is warranted. *Espinoza*, 52 F.3d at 841.

*Panaras v. Liquid Carbonic Indus.*, 94 F.3d 338, 340–41 (7th Cir. 1996) (parallel citations omitted).

The Plaintiff has not effectuated service to the United States Attorney or the Attorney General. His mailing of a Notice of Lawsuit and request for Waiver of Service of Summons does not suffice. *See Tuke v. United States*, 76 F.3d 155 (7th Cir. 1996). Even after the entry of default

---

[1] Rule 4(i)(2)(B) states that service on an employee sued in his or her individual capacity is effectuated by serving the United States in the manner prescribed by Rule 4(i)(1) and by also serving the individual employee.

3

was vacated for the specific reason that he did not provide service to the proper entities, the Plaintiff failed to follow up and provide service as required by the Rules of Civil Procedure. Over a year has now passed since the Plaintiff filed his suit. Because the Plaintiff has not established that he effectuated service and has not attempted to establish good cause for failing to obtain service, the Court in its discretion may either dismiss the case without prejudice or grant the Plaintiff a permissive extension of time. Fed. R. Civ. P. 4(m).

The Court finds that any extension would be moot because the Complaint does not state a claim upon which relief may be granted. The failure to state a claim also provides an independent basis for dismissal under Federal Rule of Civil Procedure 12(b)(6). The Plaintiff alleges that the Defendants relied on an improper interpretation of the Sixteenth Amendment to attempt collection of taxes from him. He submits that various letters and IRS publication that he received used improper tactics, such as informing him that his arguments would not be allowed in court, placing liens on his property, threatening seizure, attempting to gain his signature on a tax form, improperly imposing an excise tax, and misinterpreting the Sixteenth Amendment. In his prayer for relief, the Plaintiff requests

> Nonpecuniary and punitive damages; plaintiff seeks (that liability might be determined) to have all I.R.S. documents to state that the income tax is an excise tax with respect to certain activities and privileges, the income is not the subject of the tax, it is the basis for determining the amount of tax.

(DE 1 at 9.) In his response to the government's Motion to Dismiss, the Plaintiff states that his suit "seeks to prove by evidence that the 16th Amendment is falsely interpreted and fraudulently applied by the I.R.S." (DE 13 at 2.) He maintains that "congress has not and can not [sic] impose a tax upon personal income [but] they can create a tax that would use personal income as measurement of assessment for a stated activity and/or privilege." (*Id.* at 2.)

The Plaintiff appears to recognize, in his response, that 26 U.S.C. § 7421 protects "legitimate tax collection." (*Id.* at 2.) He submits that the relief he requests—that all IRS documents inform a potential taxpayer of the activities or privileges for which they are being assessed—would not restrain the assessment or collection of any tax, but would only clarify liability. He also argues that "congress having the power to create a tax that would use personal income as the measurement of assessment but choosing not to, would make reliance on 26 U.S.C. § 7421(a) invalid on the basses [sic] that it would be impossible to interfere or restrain the assessment of collection of a tax that does not exist." (*Id.* at 4.)

It is unclear what the Plaintiff hopes to accomplish by requiring the IRS to inform taxpayers that the income tax is actually an excise tax based on certain privileges. If he hopes that this will cause income taxes not to be assessed and collected until Congress imposes (what he would consider) a constitutionally valid income tax, he seeks to enjoin the collection of taxes and his suit is barred by 26 U.S.C. § 7421(a). Regardless of the intended consequence of his request, the Plaintiff's "claim, as set forth by the complaint, is without legal consequence." *Gomez v. Ill. State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987) (Rule 12(b)(6) standard).

The Plaintiff's entire case relies on a misguided understanding of the Sixteenth Amendment. The Sixteenth Amendment eliminated the requirement that the direct income tax be apportioned among the states. U.S. Const. Amend. XVI ("The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration."). When the Fifth Circuit was faced with the same mistaken argument that is presented by the Plaintiff here—that the income tax was an excise tax applicable only against special privileges and not assessable against

5

income in general—it stated:

> At this late date, it seems incredible that we would again be required to hold that the Constitution, as amended, empowers the Congress to levy an income tax against any source of income, without the need to apportion the tax equally among the states, or to classify it as an excise tax applicable to specific categories of activities.

*Parker v. C.I.R.*, 724 F.2d 469, 471–72 (5th Cir. 1984). Given the recognized frivolity of the Plaintiff's claims, it is beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief, *Doherty v. City of Chi.*, 75 F.3d 318, 322 (7th Cir. 1996), and the Complaint is dismissed.

## CONCLUSION AND ORDER

For the foregoing reasons, the United States' Motion to Dismiss [DE 12] is GRANTED.

SO ORDERED on June 20, 2007.

        s/ Theresa L. Springmann
        THERESA L. SPRINGMANN
        UNITED STATES DISTRICT COURT