UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DAVID J. GODT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:06-CV-171-TS |
| ) | USCA Cause No.: 07-2659 |
| INTERNAL REVENUE SERVICE, ) | |
| PAM LAAKER, and TRACY J. SPEAR, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

The Plaintiff, David J. Godt, filed a civil rights complaint against the Internal Revenue Service (IRS) claiming that the federal income tax violates the Sixteenth Amendment to the United States Constitution. On June 20, 2007, the Court dismissed the Complaint for failure to effectuate service on the United States Attorney or the Attorney General pursuant to Federal Rule of Civil Procedure 4(i) & (m) and for failure to state a claim upon which relief could be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). On July 12, 2007, the Plaintiff filed a Notice of Appeal and also requested leave to file his appeal without prepayment of fees and costs.

Federal Rule of Appellate Procedure 24 states that a party who desires to appeal *in forma pauperis* must file a motion in the district court unless the party was permitted to proceed in the district-court action *in forma pauperis*. Fed. R. App. P. 24(a)(1) & (a)(3). The party must attach an affidavit that "shows in detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs." Fed. R. App. P. 24(a)(1)(A). The affidavit must also "claim an entitlement to redress" and "state[ ] the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1)(B)–(C).

The Plaintiff filed his petition on Form AO 240, which does not provide the financial detail provided by Form 4 of the Appendix of Forms to the Federal Rules of Appellate Procedure and does not state the issues that the Plaintiff intends to present on appeal. Although the Plaintiff does not provide the specificity prescribed by Form 4, his Application indicates that he has gainful employment, $1,000 in cash or in a checking or savings account, a house worth $109,000, a second house worth $20,000, and a 2005 car and a 1997 van, values unknown. Given this financial information, the Plaintiff has not established that he is unable to prepay the appellate filing fee.

Moreover, even if the Plaintiff were able to prove his indigent status, the Court finds that his appeal is not taken in good faith. Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." For the reasons stated in this Court's order dated June 20, 2007, (DE 15), this appeal is not taken in good faith. The Plaintiff's challenge to the IRS's interpretation of the Sixteenth Amendment and to Congress's authority to levy an income tax against any source of income, without the need to apportion the tax equally among the states or to classify it as an excise tax applicable to specific categories of activities, is frivolous. The Plaintiff's allegations do not state a claim under 42 U.S.C. § 1983.

## CONCLUSION AND ORDER

The Plaintiff's Application to Proceed without Prepayment of Fees [DE 18] is DENIED. He may still proceed with this appeal, but to do so he must pay the full $455.00 filing fee in advance.

SO ORDERED on July 20, 2007.

                                                s/ Theresa L. Springmann
                                                THERESA L. SPRINGMANN
                                                UNITED STATES DISTRICT COURT